**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAVIER EDENILSON PEREZ-AGUIRRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-378 |
| | ) | Judge Stephanie L. Haines |
| TODD LYONS, *Acting Director, Immigration* | ) | Magistrate Judge Richard A. Lanzillo |
| *and Customs Enforcement, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Javier Edenilson Perez-Aguirre ("Petitioner") (ECF No. 1). Petitioner is detained by Immigration and Customs Enforcement ("ICE") and challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Petitioner asserts he is subject to detention under 8 U.S.C. § 1226(a) which allows him potential release on bond. This matter was referred to Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On May 26, 2026, Magistrate Judge Lanzillo filed a Report and Recommendation (ECF No. 10) recommending that the Petition (ECF No. 1) be granted to the extent Petitioner requests an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and denied to the extent that it seeks other relief. ECF No. 10, p. 1. Petitioner's detention under the Board of Immigration and Appeals decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216, 228-29 (BIA 2025), that resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States, has been soundly rejected by the overwhelming

1

majority of district courts, including this one. The Parties were advised they could file objections to the Report and Recommendation within fourteen days and were given another fourteen days to respond to any objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

Respondents filed timely objections (ECF No. 11) continuing to argue the merits of *Hurtado* as applied to the facts of this case. This Court finds Respondents' arguments summarily unavailing. *See Calzado Diaz v. Noem*, No. 3:25- cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) (the legal conclusions in *Calzado* are unaffected by the mooting of the order due to the individual facts of Mr. Calzado Diaz's case); *A.D. v. Leonard Oddo et. al.*, No. CV 25-460J, 2026 WL 101476, at *1 (W.D. Pa. Jan. 14, 2026).

Upon review of the record and the Report and Recommendation (ECF No. 10) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Lanzillo in this matter. Judge Lanzillo correctly found that Petitioner's detention is rightly considered under 8 U.S.C. § 1226(a) and as such he is entitled to a bond hearing.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 10th day of June, 2026, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) hereby is GRANTED. Respondents are directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing before a neutral immigration judge within seven (7) days of this Order; and,

IT IS FURTHER ORDERED that the bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary § 1226(a) framework. The immigration judge shall state the reasons for the custody

determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger to the community, a flight risk, or both.  Nothing in this Order requires the immigration judge to reach any particular custody determination; and,

IT IS FURTHER ORDERED that if Petitioner is not provided with a bond hearing by the timeframe specified, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), or the statutory interpretation of Section 1225(b)(2) that this Court has rejected, the writ shall issue and Respondents shall immediately release Petitioner from custody; and,

IT IS FURTHER ORDERED that Respondents shall provide notice to the Court of the outcome of the individualized bond hearing within seven (7) days of the date of the immigration judge's decision; and,

IT IS FURTHER ORDERED that Magistrate Judge Lanzillo's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Respondents Objections (ECF No. 11) are OVERRULED; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

3